1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                       EASTERN DISTRICT OF WASHINGTON

7   COLLEEN L. SPENCER,                        No. 12-cv-5028-JPH

8                    Plaintiff,                 ORDER GRANTING DEFENDANT'S

                                                MOTION  FOR SUMMARY JUDGMENT
9   vs.

    CAROLYN W. COLVIN, Acting
10
    Commissioner of Social Security,

11                   Defendant.

12

13      Before the court is Plaintiff's motion for summary judgment, ECF No. 12, as well as

    Defendant's motion for summary judgment, ECF No. 19.  The parties have consented to proceed
14
    before a magistrate judge. ECF No. 3. After reviewing the administrative record and the parties'

15  briefs, the court **grants** defendant's motion for summary judgment. **ECF No. 19.**

    **I.      Procedural History**
16

17      On June 15, 2009, Plaintiff filed for disability insurance benefits as well as supplemental

    security income, alleging a disability onset date of March 11, 2008.  ECF No. 15 at 1.  The
18
    Social Security Administration denied Plaintiff's applications and requests for reconsideration.

    *Id*. at 2. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and a hearing
19
    was held on January 11, 2011.  *Id*.  The ALJ issued a decision denying Plaintiff's claims on

ORDER - 1

February 11, 2011.  *Id.*  Plaintiff filed a timely request for review, and the Appeals Council denied the request on January 27, 2012.  *Id.*  Plaintiff filed the complaint on March 1, 2012.  *Id.*

## II.    Background

Plaintiff is a single 55 year old Kennewick, Washington resident. She alleges that fibromyalgia, among other associated complications, have left her disabled.  ECF No. 15 at 3. Specifically, Plaintiff alleges that as a result of fibromyalgia she experiences significant joint pain, difficulty sleeping longer than two hours, difficulty lifting everyday objects, and difficulty performing tasks requiring any degree of manual dexterity.  *Id.*  Additionally, Plaintiff alleges she is unable to sit for longer than 15 minutes, and has limited mobility.  *Id.*  Plaintiff further claims that mental conditions impair her ability to work: post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD) and alcoholism. According to Plaintiff, these conditions limit her ability to remember and follow simple instructions, learn new tasks, exercise judgment,  respond appropriately to and tolerate the pressures and expectations of a normal work setting, interact appropriately in public contacts and maintain appropriate behavior.  *Id.* at 5.

Plaintiff has been gainfully employed in the past. She is able to read, write, and do simple arithmetic. Prior to the onset of alleged disability, Plaintiff graduated from high school and obtained an Associate's degree in Fire Science.  *Id.* at 2.  However, Plaintiff has not been gainfully employed since March of 2008.  *Id.*

## III.    Standard of Review

The Commissioner's final decision must be affirmed if it is supported by substantial evidence and free of legal error.  42 U.S.C. § 405(g); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  Accordingly, the question is not whether or not Plaintiff is disabled, but whether the ALJ's findings of fact are supported by substantial evidence.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003).  It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

ORDER - 2

1    **IV.    Discussion**

2    Plaintiff alleges the findings of the ALJ and Appeals Council are not supported by

3    substantial evidence. She alleges four errors: (1) finding Plaintiff's testimony not credible; (2)

4    failing to properly credit health care providers' opinions; (3) finding Plaintiff is capable of
     medium level work; and (4) finding Plaintiff could work as a cleaner, cannery worker, or retail

5    marker.

     **a.    Credibility of Plaintiff's testimony**

6

7    Plaintiff alleges the ALJ erroneously found her testimony not credible.  If the ALJ finds
     "that the claimant's testimony as to the severity of her pain and impairments is unreliable, the

8    ALJ must make a credibility determination with findings sufficiently specific to permit the court
     to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  *See Thomas v.*

9    *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan,* 947 F.2d 341, 345–46
     (9th Cir.1991) (en banc)).  If the ALJ's finding is supported by substantial evidence, then the

10   Court may not engage in second guessing.  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d
     595, 600 (9th Cir. 1999).

11

     The ALJ's finding of credibility in the present case is supported by clear and convincing

12   evidence. Although Plaintiff was diagnosed with degenerative disc disease, she does not dispute

13   that the record lacks any acceptable imaging studies that would confirm this diagnosis.  Further,
     Plaintiff does not dispute that allegations of disabling pain are inconsistent with treatment notes.

14   Similarly, although it appears that no formal diagnosis of fibromyalgia has been made, the ALJ
     gave Plaintiff the benefit of the doubt and assumed fibromyalgia to be a severe impairment,

15   although he also noted that Plaintiff reported her pain had decreased by 50% in response to

16   medication. ECF No. 9-2 at 23. Further records indicate Plaintiff was responding well to physical
     therapy and her condition improved from April 7, 2010 through May 12, 2010 when it was

17   reported she was progressing well with a decrease in pain and increase in endurance. *Id*. Reports
     from May 17, 2010 indicate Plaintiff was able to maintain a good activity level.  *Id*. at 24. On

18   May 24, 2010 reports indicate Plaintiff's neck and chest pain had resolved. *Id*.  Plaintiff showed

19   a substantial improvement in her condition until she was discharged from physical therapy for
     failure to follow prescribed treatment and failure to return for treatment for 120 days. *Id*.

     ORDER - 3

1

The ALJ's credibility determination is supported by clear and convincing reasons.

2

**b.  Weighing treating source opinions**

3

4

5

Plaintiff alleges the ALJ erred by giving little weight to Dr. Torres' evaluations. If an ALJ rejects the contradicted testimony of the treating physician, this Court should accept the ALJ's finding if "the ALJ gave legitimate and specific reasons, supported by the record, for rejecting the opinions of the treating [health care provider]." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

6

7

8

9

10

11

12

The ALJ gave legitimate and specific reasons for giving the opinion of Dr. Torres little weight. The ALJ indicated the opinions expressed by Dr. Torres were conclusory and Dr. Torres provided no explanation as to the evidence he relied upon to make these determinations.  ECF No. 9-2 at 28. The ALJ indicated Dr. Torres' opinions appeared to be based purely on the claimant's subjective complaints. *Id.* The ALJ noted fibromyalgia was a potential source of Plaintiff's complaints, but no formal diagnosis was ever made.  ECF No. 9-2 at 23.  Plaintiff has not contested this assertion or pointed to any evidence Dr. Torres relied upon in making these determinations, except to assert Dr. Torres used "medically acceptable clinical diagnostic criteria with respect to Plaintiff's fibromyalgia condition."  ECF No. 15 at 17. Plaintiff's assertion, however, is not evidence. The ALJ gave a reason for his finding and supported his finding with substantial evidence.

13

**c.  RFC for medium work**

14

15

16

17

Plaintiff alleges the ALJ failed to consider her functional limitations and the impact of fibromyalgia and mental health conditions as required by SSR 96-8p.  ECF No. 15 at 14. Plaintiff cites her own testimony, as well as the medical records of Dr. Torres, as evidence she is less capable than the ALJ found.  ECF No. 15 at 14.  Under  SSR 96-8p, an ALJ must "discuss an individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuous basis."

18

19

The ALJ did in fact discuss Plaintiff's ability to perform sustained work activities in an ordinary work setting on a regular and continuous basis. It is the ALJ's findings within this very discussion Plaintiff disputes. The ALJ not only considered  and  weighed  Plaintiff's  own

ORDER - 4

(discredited) testimony, as well as the testimony of Dr. Torres, but the ALJ also considered evidence from state agency physicians and a vocational expert. ECF No. 19 at 12-13. Plaintiff alleges mental impairments prevent her from performing medium work. *Id*. at 16. The record, however, contradicts the allegation. For example, Plaintiff reported her condition was substantially improved as a result of counseling and medication. ECF No. 20 at 22. Further, she reported planning a trip to Arizona, a task requiring the very skills Plaintiff claimed to lack, including organizational skills, planning, and appropriately interacting with others. *Id*. at 24-25.

These issues were examined in the ALJ's discussion of what work a person in Plaintiff's position could reasonably be expected to perform. The ALJ made credibility determinations—giving adequate reasons for those determinations as described above—and described to the vocational expert an individual suffering from the ailments that the ALJ found credible. *Id*. at 14. The vocational expert testified that such an individual would be capable of performing several types of work including: housekeeper, cannery worker, and retail marker. *Id*. The ALJ's finding that Plaintiff is capable of performing medium level work is supported by the record as a whole.

### d. Step five finding

Plaintiff disputes the ALJ's finding that she is capable of performing the jobs of cleaner, cannery worker, and retail marker. As noted, the ALJ described to a vocational expert a hypothetical person suffering from limitations the ALJ found credible. The vocational expert identified three specific jobs such a person could perform. Plaintiff now relies on her own lay opinion to dispute the veracity of the vocational expert's testimony. However, as long as "the hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence," then the ALJ may permissibly rely on the expert's testimony in making this determination. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

ORDER - 5

**V.    Conclusion**

The Commissioner's final decision must be affirmed if it is supported by substantial evidence and free of  legal error. 42 U.S.C. § 405(g); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ need not rely on either the Plaintiff's subjective complaints or the testimony of the Plaintiff's treating physician if the treating physician's opinion is conclusory and contradicted by other evidence. The ALJ's decision to give little weight to Plaintiff's testimony, and the opinion of Dr. Torres, was supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1.  Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**
2.  Plaintiff's motion for summary judgment, ECF No. 12, is denied.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 6